UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| BOBBY LEE BASLER, | ) | |
|---|---|---|
| | ) | Case Nos. 1:21-cv-234; 1:17-cr-129 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Bobby Lee Basler's motion to appoint counsel and motion to amend, correct, or vacate his sentence pursuant to 18 U.S.C. § 2255 (Doc. 1 in Case No. 1:21-cv-234). In his motion, Petitioner represents that he "is looking to file a motion to set aside the judgment in this case and correct his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)." (*Id.*) Petitioner asserts that he was convicted of using a firearm in relation to a "crime of violence" under 18 U.S.C. § 924(c), and that, after *Johnson*, the underlying offense no longer qualifies as a crime of violence. (*Id.*) Petitioner contends that he is "actually innocent of the § 924(c) offense" and that his conviction is now void. (*Id.*) Finally, Petitioner requests that the Court appoint him counsel to assist with his motion. (*Id.*) For the following reasons, the Court will **DENY** Petitioner's motion.

I. BACKGROUND

On September 26, 2017, a grand jury returned a two-count indictment, charging Petitioner with one count of possessing methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B) ("Count One") and one count of possessing a firearm in

furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) based on the charge in Count One ("Count Two"). (Doc. 1 in Case No. 1:17-cr-129.) Petitioner pleaded guilty to both counts, and, on May 21, 2018, United States District Court Judge Harry S. Mattice, Jr. sentenced him to 120 months' imprisonment on Count One and 60 months' imprisonment on Count Two, to run consecutively. (Doc. 28 in Case No. 1:17-cr-129.) Petitioner did not appeal his conviction or sentence to the United States Court of Appeals for the Sixth Circuit. Petitioner filed the instant motion on September 29, 2021, and the motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. Timeliness of Petition

Title 28, United States Code, Section 2255(f) is a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

In this case, Petitioner's motion to vacate, set aside, or correct his sentence is not timely.  Because Petitioner did not file a direct appeal, his conviction became final on June 4, 2018, fourteen days after the Court entered judgment.  *See* Fed. R. App. P. 4(b)(1)(A)(ii); *Sanchez-Castellano v. United States*, 358 F.3d 424, 425–26 (6th Cir. 2004).  As a result, under § 2255(f)(1), Petitioner had until June 4, 2019, to file his § 2255 motion.  Petitioner did not file his § 2255 motion until September 29, 2021.  Petitioner's motion is therefore untimely under § 2255(f)(1).  Additionally, Petitioner does not present, and the Court cannot independently discern, any basis for finding that Petitioner's motion is timely under §§ 2255(f)(2), (3), or (4).[1]  Accordingly, the Court will deny Petitioner's § 2255 motion as untimely.

### B. Procedural Default and the Merits of the Petition

Petitioner's claims are also procedurally defaulted because he did not raise them on direct appeal.  Issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice."  *Massaro v. United States*,

---

[1] Further, Petitioner is not entitled to equitable tolling.  While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).  To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

538 U.S. 500, 504 (2003). And, although "actual innocence" may excuse procedural default of a claim raised in a § 2255 petition, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), "actual innocence" sufficient to excuse procedural default "means factual innocence, not mere legal insufficiency." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Accordingly, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (internal quotation marks omitted).

In this case, Petitioner cannot demonstrate actual innocence or that his petition is meritorious. In *Johnson v. United States*, which was decided three years before Petitioner was sentenced, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. 576 U.S. at 606. Petitioner, however, was not sentenced based on an enhancement under the ACCA. Petitioner was charged with and pleaded guilty to possessing a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i). As a result, neither *Johnson*, nor the ACCA, impacted Petitioner's conviction or sentence. Accordingly, Petitioner cannot demonstrate that he is actually innocent or that he is entitled to relief under § 2255.

IV. **CONCLUSION**

For the reasons stated herein, the Court **DENIES** Petitioner's § 2255 motion. (Doc. 1 in 1:21-cv-234; Doc. 32 in Case No. 1:17-cr-129). To the extent Petitioner requests that the Court appoint him counsel in connection with seeking relief under § 2255, the motion is **DENIED** because it plainly appears from the petition that Petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2255 Cases. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is

hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24

   AN APPROPRIATE JUDGEMENT WILL ENTER.

              /s/ *Travis R. McDonough*
              **TRAVIS R. MCDONOUGH**
              **UNITED STATES DISTRICT JUDGE**